IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES HIGHTOWER, SR.                                                                               PLAINTIFF

V.                                      NO. 4:07cv00087 JLH-JWC

JASON ARNOLD, et al                                                                                DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

On February 14, 2007, Plaintiff, a free-world citizen[1] proceeding pro se, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff's application clearly demonstrated that he currently received Veteran's Administration ("VA") service-connected disability of $214.00 per month[2] as well as social security disability benefits totaling $776.00 monthly.  He has no dependents requiring his support.  From this information, the Magistrate Judge concluded that Plaintiff had presented no information that warranted the grant of in forma pauperis status.  It was therefore recommended that Plaintiff's application to proceed in forma pauperis be denied (see docket entry #5).

By order entered April 2, 2007 (see docket entry #7), the District Court directed Plaintiff to submit the $350.00 filing fee in full on or before May 3, 2007, if he wished to

---

[1] Plaintiff was released from the Faulkner County Detention Center on November 19, 2006.

[2] $113 monthly after payment on a VA debt owed.

pursue his claim. Plaintiff was further informed that his failure to timely comply with the Court's order would result in the recommended dismissal of his case without prejudice for failure to prosecute the action diligently and failure to comply with the Court's order.

Neither the Court's March 9, 2007, or April 2, 2007, orders have been returned and no responsive filings have been received from Plaintiff, despite the Clerk's certification that copies of the orders were mailed to him personally the same days as entered at his last given address in Conway, Arkansas. This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3.	The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4.	This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 23rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.